**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** ALIERA HEALTHCARE, INC.; BILHARTZ DESERT INSURANCE
*(AVISO AL DEMANDADO):* AGENCY, LLC and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:** KEN KOURY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

**¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Los Angeles
Stanley Mosk Courthouse
111 North Hill Street Los Angeles CA 90012

CASE NUMBER:
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
KEN KOURY     818-715-9149
23371 Mulholland Dr., #196 Woodland Hills CA 91364

DATE: 01/11/2019     Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*     Clerk, by Diana Salazar , Deputy
            *(Secretario)*             *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [X] by personal delivery on *(date):* 1-23-19

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

2018-SJ-008-00

**FILED**
Superior Court of California
County of Los Angeles

APR 18 2018

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
  Stephanie Chung

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Civil Limited Jurisdiction Cases Calendared in Department 94 (Non-Collection Cases) | ) FIRST AMENDED STANDING ORDER<br>) (Effective as of April 23, 2018)<br>)<br>) |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure ("C.C.P."), the California Rules of Court ("C.R.C."), and the Los Angeles County Court Rules ("Local Rules"), the Los Angeles Superior Court ("LASC" or "Court") HEREBY AMENDS AND SUPERSEDES THE JANUARY 12, 2018 STANDING ORDER, AND THE COURT HEREBY ISSUES THE FOLLOWING STANDING ORDER THAT SHALL APPLY TO ALL LIMITED CIVIL (NON COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 94.

1.  PLAINTIFF(S) IS/ARE <u>ORDERED TO SERVE A COPY OF THIS STANDING ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE,</u> AS MANDATED IN THIS ORDER.

2.  The Court sets the following trial date in this case in Department 94 (7th Floor, Room 723) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

<u>TRIAL</u>: Order to Show Cause Re: Failure to File Proof of Service: 01/14/2022
Non-Jury Trial: 07/10/2020
Date:_____ at 8:30 a.m.

## SERVICE OF SUMMONS AND COMPLAINT

3. The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint <u>within six (6) months of the filing of the complaint.</u> The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4. The summons and complaint shall be served upon the defendant(s) within <u>three years</u> after the complaint is filed in this action. (C.C.P., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (C.C.P., § 581, subd. (g).) The dismissal without prejudice as to the unserved parties for this case shall be effective on the following date:

**UNSERVED PARTIES DISMISSAL DATE**

_____

5. No case management, mandatory settlement or final status conferences will be conducted in this case.

## LAW AND MOTION

6. All regularly noticed pretrial motions will be heard in Department 94 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it through the Court Reservation System ("CRS") accessed via the "Divisions" tab at the top of the webpage, in the "Civil" Division section. All motions should be filed at the filing window on the first floor of the Stanley Mosk Courthouse and filed and served in accordance with C.C.P., § 1005, subd. (b), and all other relevant statutes.

///

7. Tentative Rulings may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to www.lacourt.org, select "Civil" Division from the Divisions" tab at the top of the webpage, then click on "Tentative Rulings," and then type the case number in the box and click "Search."

## EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 94 and filed and served in accordance with C.R.C., Rules 3.1201-3.1207. All ex parte application fees must be paid by 1:00 p.m. at the filing window on the first floor of the Stanley Mosk Courthouse.

## JURY FEES

9. The fees for jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by C.C.P., § 631, subds. (b) and (c).

## STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 94. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the date of trial, the parties shall bring with them to Department 94 a three-ring binder with a table of contents containing conformed copies of each of the following documents behind a separate tab.

   1) Printed copies of the Current Operative Pleadings (including the operative complaint; answer; cross-complaint, if any; and answer to cross-complaint);
   2) Motions in Limine, if any, which must be served and filed in accordance with the Local Rules, Rule 3.57;
   3) Joint Statement of the Case (if a jury trial);

///

4) Joint Witness List disclosing an offer of proof regarding the testimony of each witness, the time expected for testimony of each witness, the total time expected for all witnesses, and the need, if any, for an interpreter;

5) Joint Exhibit List;

6) Printed and Edited Joint Proposed Jury Instructions (if a jury trial), and

7) Printed Joint Proposed Verdict Form(s) (if a jury trial).

The parties shall also bring a second binder containing the Joint Exhibits in an Exhibit Book numbered appropriately.

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFOR, IT IS ORDERED.

Dated: April 18, 2018

DEBRE K. WEINTRAUB
Supervising Judge, Civil
Los Angeles Superior Court

Electronically FILED by Superior Court of California, County of Los Angeles on 01/11/2019 03:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by D. Salazar Deputy Clerk
Case 2:19-cv-01348-MWF-GJS  Document 1-1  Filed 02/22/19  Page 6 of 10  Page ID #:10
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Jon Takasugi

1  KEN KOURY
   SUITE 196
2  23371 MULHOLLAND DR.
   WOODLAND HILLS, CALIFORNIA 91364
3         (818) 715-9149

4

5  Plaintiff in pro per

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF LOS ANGELES

10

11 KEN KOURY                          | CASE No.:
12                     Plaintiff(s)   | COMPLAINT FOR VIOLATION OF 47 USC 227
13          vs.                       | AND 47 C.F.R. § 64.1200; THE CONSUMERS
                                      | LEGAL REMEDIES ACT
14
15 ALIERA HEALTHCARE, INC.; BILHARTZ  | (LIMITED CIVIL CASE - $10,000 OR LESS)
16 DESERT INSURANCE AGENCY, LLC and
17 DOES 1 through 20
18 _____Defendants.

19 Plaintiff alleges:

20          FIRST CAUSE OF ACTION, VIOLATION OF

21           47 U.S.C. 227 AND 47 C.F.R. § 64.1200

22              (Against all defendants)

23 1. Plaintiff is an individual who resides in or does business in LOS ANGELES County, California

24   within the jurisdiction of this court.

25 2. Defendants ALIERA HEALTHCARE, INC. and BILHARTZ DESERT INSURANCE AGENCY,

26   LLC are, and at all times alleged herein were, a business organization of a form presently unknown

27   that is authorized to do and is doing business in the state of California.

28

                                      1
                                                                              COMPLAINT

3. Defendants DOES 1 through 20, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to plaintiff. When their true names and capacities are ascertained, plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff are informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that plaintiff' damages as alleged in this complaint were proximately caused by such defendants.

4. Defendants acted as alleged herein within the jurisdictional boundary of this court.

5. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of all other codefendants.

6. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, each of the defendants was part of a common scheme or conspiracy organized and run by one of the fictitious defendants operating under a number of shell corporations in which this fictitious defendants made the telephone calls that are the subject of this litigation to plaintiff and that each of the defendants shared plaintiff's telephone numbers among each other.

7. Title 47 United States Code, section 227 and 47 C.F.R. § 64.1200 forbid the sending of a recorded advertising message to telephone lines such as the lines subscribed to by plaintiff. Title 47 United States Code, section 227 and 47 C.F.R. § 64.1200 also either forbid or require a variety of acts including but not limited to providing proper identifying and contact information, maintaining and providing proper written do not call policies and procedures, training employees and keeping proper records. These statutes and regulations provide for a private cause of action for the recipient and gives jurisdiction of the matter to this court. It provides for an award of actual damages or $500.00 per violation, whichever is greater. In the event the defendants have willfully or knowingly violated the above the court has the discretion to award treble damages of $1,500.00 per violation.

8. Plaintiff received three telephone calls from the defendants within the past year in violation of 47 USC 227 and 47 C.F.R. § 64.1200.

9. Plaintiff further alleges on information and belief that in each instance defendant(s) had actual notice of participation, or a high degree of involvement, in a plan to violate 47 USC 227 and 47 C.F.R. § 64.1200 by, for example, knowing the that the telephone calls were recorded advertisements or participating in preparing their content, providing or obtaining the telephone number of plaintiff or other recipients, and knowing that plaintiff or other recipients had not authorized the calls by prior express invitation or permission.

10. Actual damages in this case were nominal. Plaintiff therefore elects to recover the mandatory minimum statutory damages of $500.00 for each violation of 47 USC 227 and 47 C.F.R 64.1200.

11. Plaintiff is informed and believes and thereon alleges that defendants knew or should have known that the unsolicited calls made by them were in violation of 47 USC 227 and 47 C.F.R. § 64.1200 and that the calls were willful and knowing. As such, plaintiff also seeks an award of treble damages, or $1,500.00 for each such violation.

12. Plaintiff alleges, that the acts of defendants were willful and malicious, intentionally calculated to harm and injure the plaintiff. These wrongful acts have been performed in conscious disregard of the rights of plaintiff. Therefore, an award of exemplary damages should be allowed under Civil Code Section 3294.

13. The unsolicited advertisements are continuing and plaintiff seeks recovery for all such violations, including violations transmitted after this complaint is filed and up to the time of trial.

14. As a proximate result of defendants' acts as alleged herein, plaintiff was damaged in an amount to be proven but no more than $10,000.00.

15. Plaintiff is entitled to the costs of suit pursuant to Cal. Code Civ. Proc. § 1021.5.

SECOND CAUSE OF ACTION, THE CONSUMERS LEGAL REMEDIES ACT

(Against all defendants)

16. Plaintiff refers to Paragraphs 1 through 16 of this complaint and makes them a part of this Cause of Action by reference.

17. By acting as alleged herein defendants violated the Consumers Legal Remedies Act.

18. Plaintiff has performed all acts required by the Consumers Legal Remedies Act prior to filing this lawsuit.

19. Defendants failed or refused to properly respond or act as required under the Consumers Legal Remedies Act upon plaintiff's complaint.

20. As a proximate result of defendants' acts as alleged herein, plaintiff was damaged in an amount to be proven but no more than $10,000.00.

21. Plaintiff alleges, that the acts of defendants were willful and malicious, intentionally calculated to harm and injure the plaintiff. These wrongful acts have been performed in conscious disregard of the rights of plaintiff. Therefore, an award of exemplary damages should be allowed under Civil Code Section 3294 and the Consumers Legal Remedies Act.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. Damages of $500.00 for each violation of 47 USC 227, 47 C.F.R. and/or § 64.1200 by defendants in an amount to be proven but no more than $10,000.00;
2. Damages of $1,500.00 for each violation defendants that was willful and knowing in an amount to be proven but no more than $10,000.00;
3. Exemplary damages according to proof;
4. For costs of suit herein incurred; and
5. For such other and further relief as the court may deem proper..

Dated: January 11, 2019

_____
Ken Koury

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>01/11/2019<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: Diana Salazar, Deputy |
| PLAINTIFF(S):<br>KEN KOURY | |
| DEFENDANT(S):<br>ALIERA HEALTHCARE, INC. et al | |
| **NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE** | CASE NUMBER:<br>19STLC00422 |

Case is assigned for all purposes to the judicial officer indicated below. Notice given to Plaintiff / Cross-Complainant / Attorney of Record on ___01/11/2019___.

| ASSIGNED JUDGE | DEPARTMENT | ROOM |
|---|---|---|
| Jon R. Takasugi | 94 | |

Sherri R. Carter, Executive Officer / Clerk of Court

By _Diana Salazar_____, Deputy Clerk

### Instructions for Handling Limited Civil Cases

The following critical provisions, as applicable in the Los Angeles Superior Court are cited for your information.

**PRIORITY OVER OTHER RULES:** The priority of Chapter Seven of the LASC Local Rules over other inconsistent Local Rules is set forth in Rule 7.2© thereof.

**CHALLENGE TO ASSIGNED JUDGE:** To the extent set forth therein, Government Code section 68616(i) and Local Rule 2.5 control the timing of Code of Civil Procedure section 170.6 challenges.

**TIME STANDARDS:** The time standards may be extended by the court only upon a showing of good cause. (Cal. Rules of Court, rule 3.110.) Failure to meet time standards may result in the imposition of sanctions. (Local Rule 3.37.)

Except for collections cases pursuant to California Rules of Court, rule 3.740, cases assigned to the Individual Calendar Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served and the proof of service filed within 60 days after filing of the complaint.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints against parties new to the action must be served and the proof of service filed within 30 days after the filing of the cross-complaint. A cross-complaint against a party who has already appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed. (Code Civ. Proc., § 428.50.)

**DEFAULTS** (Local Rule 9.10): If a responsive pleading is not served within the time to respond and no extension of time has been granted, the plaintiff must file a Request for Entry of Default within 10 days after the time for service has elapsed. Failure to timely file the Request for Entry of Default may result in an Order to Show Cause being issued as to why sanctions should not be imposed. The plaintiff must request default judgment on the defaulting defendants within 40 days after entry of default.

**NOTICED MOTIONS:** All regularly noticed motions will be calendared through the assigned department. Each motion date must be separately reserved and filed with appropriate fees for each motion. Motions for Summary Judgment must be identified at the time of reservations. All motions should be filed in the clerk's office.

**EX PARTE MATTERS:** All ex parte applications should be noticed for the courtroom.

**UNINSURED MOTORISTS CLAIMS:** Delay Reduction Rules do not apply to uninsured motorist claims. The plaintiff must file a Notice of Designation with the Court identifying the case as an uninsured motorist claim under Insurance Code section 11580.2.

**NOTICE OF CASE ASSIGNMENT – LIMITED CIVIL CASE**

LACIV ____ 001 (Rev. [03/17])
LASC Approved 09-04